## UNITED STATED DISTRICT COURT
## DISTRICT OF CONNECTICUT

Eric Morris, an infant, by his parent
and natural guardian, Kizzy Benjamin
and by Kizzy Benjamin,
individually and Administrator, :
Estate of Eric Morris. :
                Plaintiffs, :    3:20 CV 799   (xxx)
 :
v. :
 :
Ford Motor Co.
                Defendant. :    June 9, 2020

## COMPLAINT

### Count One

### Defective design, manufacture and/or construction of seat belts and airbags

1. Plaintiff Kizzy Benjamin, individually, and the administrator of the Estate of Eric Tyrone Morris, III, is an adult who resides in Waterbury, CT.

2. The Suffolk County New York Surrogates Court issued Kizzy Benjamin letter of administration to prosecute and settle claims on behalf of Eric Morris, III.

3. At the time of his death, minor Eric Morris was a resident of the State of New York.

4. Defendant Ford Motor Company was and is a corporation, with its principal place of business in the State of Michigan, is organized and existing under the laws of the State of Michigan and incorporated in the State of Delaware.

5. Jurisdiction and venue of this Court is invoked under the provisions of 28 U.S.C. Sections 1331, 1332, and 1391. The amount in controversy exceeds $75,000, exclusive of interests and costs.

6. Plaintiff Kizzy Benjamin was the mother of minor Eric Morris at the time of his death which occurred on June 10, 2017.

7. On June 10, 2017, while traveling South Bound on Interstate 85 in South Hill, Mecklenburg County, Virginia, Marker 19, at approximately 2:57 PM, Eric Morris, and Kizzy Benjamin were occupant s of a 2002 Ford Explorer, VIN No. 1FMZU63E02ZA14352, owned and operated by Colonell Johnson.

8. On the above date and time, Eric Morris, a rear seat restrained passenger, was severely injured and suffered a wrongful death due to the negligence of Defendant.

9. The vehicle overturned multiple times in the right-hand lane and resulted in Eric Morris's ejection from the vehicle.

10. Eric Morris's injuries resulted in his death.

11. Defendant's negligence was the direct cause of Eric Morris's immediate and conscious pain and suffering.

12. Immediately after the vehicle came to a stop after rolling over, Kizzy Benjamin witnessed her son Eric move his eyes and mouth, wince, move his tongue, and expressed signs of pain and distress.

13. At all times hereinafter mentioned Defendant caused the decedent to suffer wrongful death; intolerable pain and suffering; severe personal injuries; physician's services, and loss of life.

14. Defendant, through its negligence, caused the plaintiff Kizzy Benjamin, to suffer and continue to suffer mental anguish, loss of services, wrongful death of

her son, pain and suffering, loss of familial aspirations, medical expenses, funeral expenses, and deep sorrow.

15. Plaintiff Kizzy Benjamin, individually, and as the administrator of the Estate of Eric Morris, suffered medical costs, funeral expenses, and other expenses due to the wrongful death of Eric Morris.

16. The negligent design and/or negligent construction of the seat belts and airbags were the proximate cause of the decedent's severe and fatal injuries.

17. Defendant's design manufacture and/or installation of the seat belts did not comply with the requirements of 49 C.F.R. Section 571.209.

18. Defendant Ford Motor Company designed and manufactured, distributed, and sold the Ford Explorer which has occupant protection systems including airbags and seat belts, which was occupied by Kizzy Benjamin and the decedent Eric Morris,

19. Defendant Ford designed manufactured, advertised, marketed, sold, and placed into the stream of commerce the vehicle when it was not merchantable nor reasonably suited to the use for which it was intended and was otherwise defective and unreasonably dangerous. The vehicle was in this condition when it left Defendant Ford's possession, and the defective nature of the vehicle enhanced or aggravated the injuries sustained by the decedent.

20. Defendant Ford Motor Company was and is a corporation, with its principal place of business in the State of Michigan, is organized and existing under the laws of the State of Michigan and incorporated in the State of Delaware.

21. Defendant Ford Motor Company had a duty to properly and safely design and construct seat belts, crash systems, and airbags in its vehicles.

22. The seat belt located in the position of the decedent failed, due to the negligent design, manufacture, or construction.

23. The vehicle's airbags failed to deploy due to the negligent design, manufacture, and construction.

24. As a result of the negligent design and/or negligent manufacture of the safety system, airbags and/or seat belts were a proximate cause of the decedent's severe and fatal injuries.

25. The defendant was negligent due to its failure to have adequate or sufficient number or placement of airbags.

26. Upon information and belief, the defendant was aware of the propensity for rollover of the 2002 Ford Explorer and did not adequately provide sufficient

27. Defendant Ford's negligent design and/or negligent manufacture or construction of the airbags seat belts was the proximate cause of the decedent's severe and fatal injuries.

28. Defendant Ford's design, manufacture, and installation of airbags and seat belts were unreasonably dangerous.

29. The injuries sustained by the plaintiffs were reasonably foreseeable.

30. As a result of the direct and a proximate result of Defendant Ford's negligence and carelessness the Eric Morris' injuries were was a proximate cause of the decedent's severe and fatal injuries.

31. At the time of the vehicle's manufacture the Defendant acted unreasonably in designing or formulating the product, the conduct was a proximate cause of the harm to the plaintiffs.

32. The defendant , at the time the product left its control, either

    a. unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design or formulation that could then have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the product, and/ or .

    b. the design or formulation of the product was so unreasonable that a reasonable person, aware of the relevant facts, would not use or consume a product of this design.

**Count Two**

**Defective design, manufacture, or construction of Safety Canopy System**

1-32.	Plaintiff hereby repeats and realleges allegations made in paragraphs one through twenty-two of Count One as paragraphs 1-32 of Count Two.

33.	Defendant's design manufacture and/or installation of the safety canopy system did not comply with the requirements of 49 C.F.R. Section 571.100 et seq..

34.	Defendant Ford Motor Company designed and manufactured and distributed the Ford Explorer which has occupant protection systems including safety canopy system ("SCS"), which protects occupants during a rollover.

35..	Defendant Ford designed manufactured, advertised, marketed, sold, and placed into the stream of commerce the vehicle when it was not merchantable nor reasonably suited to the use for which it was intended and was otherwise defective and unreasonably dangerous.  The vehicle was in this condition when it left Defendant Ford's possession, and the defective nature of the vehicle enhanced or aggravated the injuries sustained by the decedent.

36.	Defendant Ford Motor Company had a duty to properly and safely design and construct the Safety canopy system.

37.	The Safety Canopy system failed due to the negligent design, manufacture, or construction.

38. The negligent design and/or negligent construction of the Safety canopy system, system enhanced, or aggravated the decedent's severe and fatal injuries.

39. The vehicle's SCS system failed due to its negligent design, manufacture, and construction.

40. The negligent design and/or negligent manufacture or construction of the SCS system was a proximate cause of the decedent's severe and fatal injuries.

41. Defendant Ford's design, manufacture, and installation of the SCS system were unreasonably dangerous.

42. As a result of the direct and proximate result of Defendant Ford's negligence and carelessness, Eric Morris's injuries were a proximate cause of the decedent's severe and fatal injuries.

**Count Three**

**Defective Design  Electronic Yaw system**

1-32 Plaintiff hereby repeats and realleges allegations made in paragraphs one through twenty-one of Count One as paragraphs 1- 26 of Count Three.

33. Defendant Ford's failure to include an electronic yaw control system,  or "ESC',  in the 2002 Ford Explorer, aka Advanced Trak would have prevented this accident.

34. Defendant's design manufacture and/or installation of the ESC did not comply with the requirements of 49 C.F.R. Section 571.126. Defendant Ford Motor Company designed and manufactured and distributed the Ford Explorer which has occupant protection systems including ESC, which protects occupants during a rollover.

35. Defendant Ford designed manufactured, advertised, marketed, sold, and placed into the stream of commerce the vehicle when it was not merchantable nor reasonably suited to the use for which it was intended and was otherwise defective and unreasonably dangerous.  The vehicle was in this condition when it left Defendant Ford's possession, and the defective nature of the vehicle enhanced or aggravated the injuries sustained by the decedent

35 Defendant Ford Motor Company had a duty to properly and safely design and construct the ESC.

36. The ESC failed due to the negligent design, manufacture, or construction.

37 The negligent design and/or negligent construction of the ESC system enhanced or aggravated the decedent's severe and fatal injuries.

37. The vehicle's ESC system failed due to the negligent design, manufacture, and construction.34.

38. The negligent design and/or negligent manufacture or construction of the ESC system was a proximate cause of the decedent's severe and fatal injuries.

39. Defendant Ford's design, manufacture, and installation of the ESC system were unreasonably dangerous.

40. As a result of the direct and proximate result of Defendant Ford's negligence and carelessness, Eric Morris sustained injuries.

41.. Defendant Ford's design, manufacture, and installation of the ESC system were unreasonably dangerous.

The Plaintiff,

By

**/s Robert Berke**

_____

Robert Berke, Esq

640 Clinton Avenue

Bridgeport, CT  06605

CT Juris  22117

203 332-6000

203 332-0661 fax

Bar No. 22117

robertberke@optonline.net

## JURY DEMAND

The plaintiff requests a trial by jury.

          Plaintiff

          By Her Attorney

          **/s/   Robert Berke**

          _____

          Robert M. Berke

          640 Clinton Avenue

          Bridgeport, CT 06606

          203 332-6000

          203 549-0570 fax

          Bar No. 22117

          robertberke@optonline.net

Wherefore, the plaintiff claims:

a) Compensatory damages;

b) Punitive damages;

c) Attorney's fees;

e) Such other relief as deemed fair and equitable.

By Her Attorney

**/s/     Robert Berke**

_____

Robert M. Berke

640 Clinton Avenue

Bridgeport, CT 06606

203 332-6000

203 549-0570 fax

Bar No. 22117

robertberke@optonline.net